IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **RICKY W. BAKER,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | **Civil Action No. 4:14-cv-392-O** |
| **PNC MORTGAGE, A DIVISION OF PNC** § | |
| **BANK, N.A., SUCCESSOR TO** § | |
| **NATIONAL CITY BANK,** § | |
| § | |
| **Defendant.** § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss or Alternatively Motion for More Definite Statement (ECF No. 5), filed June 6, 2014. Plaintiff did not file a response to the motion. Accordingly, this matter is ripe for determination.

Plaintiff Ricky W. Baker ("Baker") filed an original petition and application for injunctive relief in state court. *See* Notice Removal Ex. 1 (Original Pet.), ECF No. 1-1. In state court, Plaintiff sought a temporary restraining order to halt the foreclosure of his home by Defendant PNC Mortgage ("PNC"). *Id.* at 6. PNC removed the action to this Court on May 30, 2014. *See generally id.* PNC now asks the Court to dismiss Baker's petition pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, to require a more definite statement pursuant to Rule 12(e). The Court will address each request in turn.

**I.     MOTION TO DISMISS**

PNC contends dismissal is warranted under 12(b)(6) because an injunction is a remedy, not a cause of action, under Texas law and Baker has not asserted any substantive claim against PNC. *See* Mot. Dismiss 3, ECF No. 5. Accordingly, the Court must determine whether Baker fails to state a claim upon which relief can be granted.

**A.     Legal Standard**

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("[A] complaint . . . must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (internal quotation marks and citations omitted). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the compliant has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). While legal conclusions can provide "the framework" of a complaint, they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679; *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) ("[W]e will not strain to find inferences favorable to the plaintiffs and we will not accept conclusory allegations, unwarranted deductions, or legal conclusions.") (internal quotation marks and citation omitted).

When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations and internal quotation marks omitted).

**B.    Analysis**

In his original petition, Baker claims he and PNC, the holder and servicer of the mortgage on Baker's home, had been in modification notifications when Baker received the notice of intent to foreclose. *See* Notice Removal Ex. 1 (Original Pet.) at 4-5. Baker further contends that PNC made false representations that any foreclosure would be abated until the loan was modified or, if the modification fell through, that additional time would be provided prior to foreclosure. *Id.* at 5. Baker alleges that he relied on these representations, that PNC should have reasonably known that Baker would rely on these representations, and that he suffered damages as a result. *Id.* PNC claims these assertions fail to state a claim under Texas law because "a loan modification is not a right under Texas law" and any alleged representation must be in writing to satisfy the statute of frauds. *See* Mot. Dismiss 3, ECF No. 5.

First, the Court finds that Plaintiff is asserting a claim for fraud or misrepresentation rather than merely contending that he had a right to a modification. *See* Notice Removal Ex. 1 (Original Pet.) at 5; *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners*, L.P., 620 F.3d 465, 468 (5th Cir. 2010) ("To state a claim of fraud by misrepresentation under Texas law, a plaintiff must sufficiently allege (1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)); *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991) (listing the elements of negligent misrepresentation: "(1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant

supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation."). Therefore, PNC's first ground is inapplicable.

Second, the Court finds that, on the face of Baker's petition, it is not evident whether the representations were reduced to writing. *See* Notice Removal Ex. 1 (Original Pet.) at 5 (referring to "representations"). Baker did not plead that PNC made oral representations, and he is not required to plead whether the agreement was in writing. *See EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006); *see also Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013) (Fitzwater, C.J.) (citing *Pub. Health Equip. & Supply Co. v. Clarke Mosquito Control Prods., Inc.*, 410 Fed. App'x 738, 741 (5th Cir. 2010) (per curiam)). For this reason, the Court rejects PNC's second ground as well. Thus, the Court concludes that it cannot grant PNC's motion for the reasons provided therein.

## II.    MOTION FOR A MORE DEFINITE STATEMENT

Alternatively, PNC moves for a more definite statement under Rule 12(e). *See* Mot. Dismiss 4, ECF No. 5. "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The 12(e) motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.*

"Motions for a more definite statement under Rule 12(e) are generally disfavored. *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013)

5

(Fitzwater, C.J.) (citing *Johnson v. BAE Sys. Land & Armaments, L.P.*, 2012 WL 5903780, at *4 (N.D. Tex. Nov. 26, 2012) (Fitzwater, C.J.)). This is because of Rule 8(a)'s liberal pleading standard. *Murungi v. Tex. Guaranteed*, 646 F. Supp. 2d 804, 811 (E.D. La. 2009) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959); *Gibson v. Deep Delta Contractors, Inc.*, No. 97–3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000)). "When a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Conceal City, L.L.C*, 917 F. Supp. 2d at 621 (quoting *Johnson*, 2012 WL 5903780, at *4) (internal quotation marks omitted).

PNC contends that Baker should be required to replead because he has asserted no substantive cause of action against PNC. *See* Mot. Dismiss 4, ECF No. 5. For the reasons stated above, the Court finds this reason to be unpersuasive. Moreover, Baker's petition was not so unintelligible that PNC could not prepare its motion to dismiss. The details of Baker's complaint can be clarified and developed during discovery. The Court, therefore, denies PNC's alternative request.

### III. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss or Alternatively Motion for More Definite Statement (ECF No. 5) is **DENIED**.

**SO ORDERED** on this **30th day** of **June, 2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE